http://www.va.gov/vetapp16/Files5/1639919.txt

Citation Nr: 1639919 
Decision Date: 09/30/16 Archive Date: 10/13/16

DOCKET NO. 10-13 743 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Waco, Texas

THE ISSUE

Entitlement to an evaluation in excess of 20 percent for degenerative changes, lumbar spine.

REPRESENTATION

Appellant represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

M. Postek, Associate Counsel

INTRODUCTION

The Veteran served on active duty from November 1942 to October 1945.
 
This case comes before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Waco, Texas.

Initially, the RO separately denied service connection for right and left lower extremity disorders, to include as secondary to the service-connected lumbar spine disability in that decision. The Veteran did not express disagreement with the decision as to those issues.

A hearing was held before a Decision Review Officer (DRO) at the RO in November 2011. A transcript of the hearing is of record. The Veteran had requested a Board hearing at the RO in his substantive appeal; however, he cancelled the request in favor of the DRO hearing in an April 2010 written statement. He has not submitted another Board hearing request since that time. Thus, his hearing request is considered withdrawn. 38 C.F.R. § 20.704 (2015).

The Board remanded the case for further development in January 2016, and it has since been returned to the Board for appellate review.

This appeal was processed using the Veterans Benefits Management System (VBMS). The Virtual VA claims file contains documents that are either duplicative of the evidence in the VBMS claims file or not relevant to the issue on appeal.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2015). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the Veteran if further action is required.

REMAND

The Veteran was provided a VA examination in February 2016 in response to the Board's prior remand. However, in light of a recent decision issued by the United States Court of Appeals for Veterans Claims (Court), Correia v. McDonald, No. 13-3238, 2016 WL 3591858 (Vet. App. July 5, 2016), a remand is required. In Correia, the Court concluded that 38 C.F.R. § 4.59 required VA examinations to include joint testing for pain on both active and passive range of motion, as well as with weight-bearing and nonweight-bearing. Thus, while the Veteran was afforded a VA examination in February 2016, that examination does not satisfy the requirements under Correia. As such, another VA examination is required in this case.

Accordingly, the case is REMANDED for the following action:

1. The Veteran should be afforded a VA examination to ascertain the current severity and manifestations of his service-connected degenerative changes of the lumbar spine. Any studies, tests, and evaluations deemed necessary by the examiner should be performed. 

The examiner is requested to review all pertinent records associated with the claims file.

It should be noted that the Veteran is competent to attest to factual matters of which he has first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

The examiner should report all signs and symptoms necessary for evaluating the Veteran's disability under the rating criteria. In particular, the examiner should provide the range of motion of the thoracolumbar spine in degrees on active motion, passive motion, weight-bearing, and nonweight-bearing. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should provide an explanation for this determination in the report.

The examiner should state whether there is any ankylosis. The examiner should also state the total duration of any incapacitating episodes over the past 12 months and identify any neurological manifestations of the disability, to the extent possible. See February 2016 VA examination report, p. 7 (examiner indicated that Veteran was unwilling to complete certain necessary testing).

The presence of objective evidence of pain, excess fatigability, incoordination, and weakness should also be noted, as should any additional disability due to these factors (including any additional loss of motion).

A clear rationale for all opinions would be helpful and a discussion of the facts and medical principles involved would be of considerable assistance to the Board. Copies of all pertinent records in the Veteran's claims file, or in the alternative, the claims file, must be made available to the examiner for review.

2. After completing the above action and any other development as may be indicated as a consequence of the action taken in the preceding paragraph, the case should be reviewed by the AOJ on the basis of additional evidence. If the benefit sought is not granted, the Veteran and his representative should be furnished a supplemental statement of the case and be afforded a reasonable opportunity to respond before the record is returned to the Board for further review.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

____________________________________________
J.W. ZISSIMOS
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).